IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HURSHELL DALE WHEELER, § | | |
| TDCJ No. 870713, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:20-cv-517-D-BN | |
| § | | |
| DIRECTOR, TDCJ-CID, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Hurshell Dale Wheeler pled guilty to theft of property between $2,500 and $30,000 and true to two felony enhancement paragraphs in the indictment, and the state trial court adjudged him guilty, found the enhancements true, and sentenced Wheeler to ten years of imprisonment. *See State v. Wheeler*, DC-F201801073 (413th Dist. Ct., Johnson Cnty., Tex. Sept. 23, 2019); Dkt. No. 3 at 2; Dkt. No. 14-1 at 13-25. He did not appeal. *See* Dkt. No. 3 at 3.

The Texas Court of Criminal Appeals (the CCA) denied Wheeler's state habeas petition without written order. *See Ex parte Wheeler*, WR-52,330-02 (Tex. Crim. App. Jan. 22, 2020); Dkt. No. 3 at 3-4; Dkt. No. 14-1 at 26-75.

And Wheeler now asserts, through a timely *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254, that the CCA's adjudication of his prior claims was unreasonable. *See* Dkt. No. 3.

Senior United States District Judge Sidney A. Fitzwater referred the Section 2254 application to the undersigned United States magistrate judge for pretrial

management under 28 U.S.C. § 636(b) and a standing order of reference. The State responded. *See* Dkt. No. 14. But Wheeler failed to reply, and the deadline by which to do so has expired.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should deny federal habeas relief.

## Legal Standards

"Federal habeas features an intricate procedural blend of statutory and caselaw authority." *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). In the district court, this process begins – and often ends – with the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), under which "state prisoners face strict procedural requirements and a high standard of review." *Adekeye*, 938 F.3d at 682 (citation omitted). This is because, "[u]nder AEDPA, state courts play the leading role in assessing challenges to state sentences based on federal law." *Shinn v. Kayer*, 141 S. Ct. 517, 526 (2020) (per curiam).

So, where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The statute therefore "restricts the power of federal courts to grant writs of habeas corpus based on claims that were 'adjudicated on the merits' by a state court,"

*Shinn*, 141 S. Ct. at 520 (citation omitted). And, "[w]hen a state court has applied clearly established federal law to reasonably determined facts in the process of adjudicating a claim on the merits, a federal habeas court may not disturb the state court's decision unless its error lies 'beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

Further, "[u]nder § 2254(d)," the reasonableness of the state court decision – not whether it is correct – "is '"the only question that matters."'" *Id.* at 526 (quoting *Richter*, 562 U.S. at 102); *accord Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold."); *Sanchez v. Davis*, 936 F.3d 300, 305 (5th Cir. 2019) ("[T]his is habeas, not a direct appeal, so our focus is narrowed. We ask not whether the state court denial of relief was incorrect, but whether it was unreasonable – whether its decision was 'so lacking in justification' as to remove 'any possibility for fairminded disagreement.'" (citation omitted)); *Hughes v. Vannoy*, 7 F.4th 380, 387 (5th Cir. 2021) ("'A merely incorrect state court decision is not sufficient to constitute an unreasonable application of federal law ....' Instead, the state court decision must be 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" (footnotes omitted)).

A state court adjudication on direct appeal is due the same deference under Section 2254(d) as an adjudication in a state post-conviction proceeding. *See, e.g.*,

*Dowthitt v. Johnson*, 230 F.3d 733, 756-57 (5th Cir. 2000) (a finding made by the CCA on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to be "examine[d] ... with the deference demanded by AEDPA" under "28 U.S.C. § 2254(d)"). And nothing "in AEDPA or [the Supreme] Court's precedents permit[s] reduced deference to merits decisions of lower state courts." *Shinn*, 141 S. Ct. at 524 n.2 (citing 28 U.S.C. § 2254).

Starting with Section 2254(d)(1), a state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the [AEDPA] prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

"A state court unreasonably applies clearly established Supreme Court precedent when it improperly identifies the governing legal principle, unreasonably extends (or refuses to extend) a legal principle to a new context, or when it gets the principle right but 'applies it unreasonably to the facts of a particular prisoner's case.'" *Will v. Lumpkin*, 978 F.3d 933, 940 (5th Cir. 2020) (quoting *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000); citation omitted). "But the Supreme Court has only clearly established precedent if it has 'broken sufficient legal ground to establish an asked-for constitutional principle.'" *Id.* (quoting *Taylor*, 569 U.S. at 380-82; citations

omitted).

As noted above, "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted); *see also Evans v. Davis*, 875 F.3d 210, 216 (5th Cir. 2017) (recognizing that Section 2254(d) tasks courts "with considering not only the arguments and theories the state habeas court actually relied upon to reach its ultimate decision but also all the arguments and theories it could have relied upon" (citation omitted)).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Richter*, 562 U.S. at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by

AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. 12, 20 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." (internal quotation marks, brackets, and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner

- 6 -

must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).

This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (Section 2254(e)(1) "'deference extends not only to express findings of fact, but to the implicit findings of the state court.' As long as there is 'some indication of the legal basis for the state court's denial of relief,' the district court may infer the state court's factual findings even if they were not expressly made." (footnotes omitted)).

And, even if the state court errs in its factual findings, mere error is not enough – the state court's decision must be "*based* on an unreasonable factual determination…. In other words, even if the [state court] had gotten [the disputed] factual determination right, its conclusion wouldn't have changed." *Will*, 978 F.3d at 942.

Further, "determining whether a state court's decision resulted from an

unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Richter*, 562 U.S. at 98; *see Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam))); *Evans*, 875 F.3d at 216 n.4 (even where "[t]he state habeas court's analysis [is] far from thorough," a federal court "may not review [that] decision de novo simply because [it finds the state court's] written opinion 'unsatisfactory'" (quoting *Neal*, 286 F.3d at 246)); *see also Hughes*, 7 F.4th at 387 (observing that a federal habeas court also "must 'carefully consider all the reasons and evidence supporting the state court's decision'" and that a decision that "does not explain its reasoning does not affect [federal habeas] review," as federal courts "are required to 'determine what arguments or theories could have supported the state court's determination' and examine '*each* ground supporting the state court decision'" (footnotes omitted)).

Section 2254 thus creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). And, while "AEDPA sets a high bar," it is "not an insurmountable one." *Hughes*, 7 F.4th at 392. To surmount it, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. That is, in sum, a petitioner must "show, based on the state-court record alone, that any argument or theory the state habeas court could

have relied on to deny [him] relief would have either been contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans*, 875 F.3d at 217; *see also Hughes*, 7 F.4th at 392 (Federal courts "are obligated to correct" those "rare 'extreme malfunctions in the state criminal justice system.'" (quoting *Dunn v. Reeves*, 141 S. Ct. 2405, 2411 (2021) (per curiam))).

## Analysis

Against this framework, Wheeler argues that there is insufficient evidence to support his conviction; that he was coerced to plead guilty because the prosecutor threatened to re-indict him with a greater offense and to ensure that Wheeler received the maximum sentence; and that his trial counsel violated Wheeler's Sixth Amendment right to effective assistance by not discussing the case with Wheeler, not preparing an effective trial strategy, pushing Wheeler to accept the plea bargain, and not showing Wheeler all of the prosecution's evidence. And underlying all these claims is Wheeler's contention that his guilty plea was not valid.

Federal courts will "uphold a guilty plea on habeas review when it is entered knowingly, voluntarily, and intelligently – that is, when the defendant understands the charge and its consequences." *Trotter v. Vannoy*, 695 F. App'x 738, 741 (5th Cir. 2017) (per curiam) (footnote omitted)); *see also United States v. Lord*, 915 F.3d 1009, 1016 (5th Cir. 2019) ("To enter a knowing and voluntary guilty plea, a defendant must have full knowledge of what the plea connoted and of its consequences." (citing *Boykin v. Alabama*, 395 U.S. 238, 244 (1969))).

A defendant must therefore "'understand the nature of the constitutional protection that he is waving'"; not possess "'an incomplete understanding of the charges against him [such] that his plea cannot stand as an admission of guilt'"; and, as to his sentence, know "'the maximum prison term and fine for the offense charged.'" *Trotter*, 695 F. App'x at 742 (footnotes omitted); *see also James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) ("The critical issue in determining whether a plea was voluntary and intelligent is 'whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect.' [And, i]f the record shows the defendant 'understood the charge and its consequences,' [a federal habeas court] will uphold a guilty plea as voluntary even if the trial judge failed to explain the offense." (citations omitted)).

The United States Court of Appeals for the Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) the defendant's full understanding of the charges; and (3) the defendant's realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).

These core concerns are addressed by the admonishments contained in article 26.13 of the Texas Code of Criminal Procedure. *See, e.g.*, *Ojena v. Thaler*, No. 3:10-cv-2601-P-BD, 2011 WL 4048514, at *1 & n.1 (N.D. Tex. Aug. 25, 2011), *rec. adopted*, 2011 WL 4056162 (N.D. Tex. Sept. 12, 2011). But "whether the state trial court followed the statute is nondispositive," as the Court's focus remains on whether the plea was "entered into knowingly, voluntarily and intelligently." *Dominguez v.*

*Director, TDCJ-CID*, No. 6:14cv49, 2014 WL 2880492, at *3 (E.D. Tex. June 23, 2014) (citing *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000); *James*, 56 F.3d at 666).

Wheeler has not shown – and the record does not support – that he did not enter his guilty plea knowingly, voluntarily, and intelligently. As the hearing transcript reflects, he understood the charge and the consequences of pleading true to the enhancement paragraphs. *See* Dkt. No. 14-1 at 61-68. Wheeler also signed a Judicial Confession, admitting the truth of all offense elements and enhancement paragraphs, *see id.* at 17-18, which itself "provides sufficient evidence to support the judgment[s]," *Bryson v. State*, No. 03-03-00094-CR, 2004 WL 34854, at *2 (Tex. App. – Austin Jan. 8, 2004, no pet.) (citations omitted).

And, because Wheeler has not established that his guilty plea was invalid, he has waived all non-jurisdictional defects in the proceeding leading up to the plea. *See United States v. Bendicks*, 449 F.2d 313, 315 (5th Cir. 1971) ("We have held on numerous occasions that a valid guilty plea constitutes a waiver of all non-jurisdictional defects in the prior proceedings." (collecting cases)); *Scott v. Wainwright*, 698 F.2d 427, 429 (11th Cir. 1983) ("Once a plea of guilty has been entered, nonjurisdictional challenges to the conviction's constitutionality are waived, and only an attack on the voluntary and knowing nature of the plea can be sustained." (citing *McMann v. Richardson*, 397 U.S. 759 (1970); *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. Oct. 1981))).

Wheeler's remaining Section 2254 habeas claims, those not concerning the validity of his guilty plea – in particular, his sufficiency of the evidence claim and his

Sixth Amendment claims based on trial counsel's allegedly not preparing an effective trial strategy and not showing Wheeler all of the prosecution's evidence – have therefore been waived. *See Smith v. McCotter*, 786 F.3d 697, 702-03 (5th Cir. 1986) ("The *Jackson v. Virginia*, 443 U.S. 307 (1979), mandate that sufficient evidence exist from which a rational fact finder could find guilt beyond a reasonable doubt is inapplicable to convictions based on a guilty plea." (citing *Kelley v. Alabama*, 636 F.2d 1082, 1083-84 (5th Cir. Unit B Feb. 1981) (per curiam))); *United States v. Silva*, 136 F.3d 136, 1998 WL 29992, at *1 (5th Cir. Jan. 6, 1998) (per curiam) ("Silva's sufficiency-of-the-evidence challenge is also waived by his guilty plea." (citing *United States v. Broome*, 628 F.2d 403, 405 (5th Cir. 1980); *Kelley*, 636 F.2d at 1083-84)); *United States v. Palacios*, 928 F.3d 450, 455 (5th Cir. 2019) ("'A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant.' Moreover, '[s]olemn declarations in open court carry a strong presumption of verity.' Therefore, '[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.' This includes all IAC claims 'except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary.'" (citations omitted)); *Petersimes v. Stephens*, No. 3:14-cv-3220-N, 2016 WL 1445226, at *7 (N.D. Tex. Mar. 28, 2016) (an allegation that "trial counsel should have taken further steps to investigate [a defendant's] case and develop a trial strategy" does "not implicate the voluntariness of his plea" and is thus "barred from habeas review" (citing *Smith*

*v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); citations omitted)), *rec. accepted*, 2016 WL 3551725 (N.D. Tex. June 30, 2016), *C.O.A. denied*, 2017 WL 5054176 (5th Cir. July 28, 2017).

### Recommendation

The Court should deny the application for a writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 24, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE